**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LESLIE ALLISON SIMS, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | |
| ] | **Case No.: 2:14-cv-00878-KOB** |
| **OAK GROVE RESOURCES, LLC,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

**MEMORANDUM OPINION**

This matter is before the court on Defendant Cliffs Natural Resources, Inc.'s Motion to Dismiss. (Doc. 45).

Plaintiffs are a group of homeowners who allege that mining activities conducted by Defendants Cliffs Natural Resources, Inc. ("Cliffs") and Oak Grove Resources, LLC ("Oak Grove") caused damage to their properties. (Amended Complaint, Doc. 42). Defendant Cliffs argues that Plaintiffs' claims against it are due to be dismissed because Alabama law provides that the Plaintiff's exclusive remedy is to seek relief from the mining operator permittee, who it contends is Oak Grove, not itself. For the reasons stated in this Memorandum Opinion, the court will GRANT IN PART and DENY IN PART Cliffs' Motion to Dismiss.

**I.      Procedural Background**

Plaintiffs originally filed suit in the Circuit Court of Jefferson County, Alabama, against Defendants Cliffs Resources, Inc.; Cliffs Mining Services, Inc.; Cliffs North American Coal,

LLC; Oak Grove Resources, LLC; Oak Grove Land Company, LLC; and U.S. Steel Mining Company. (Doc. 1-1). The Defendants removed the action to this court on May 12, 2014 based on the court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).  The court dismissed Defendant U.S. Steel Mining Company from the action on June 17, 2014. (Doc. 17). Thereafter, the court stayed the case from July 28, 2014 to July 13, 2015 to allow the effects of the subsurface mining operations to settle, so that the parties could adequately assess the extent of the damages caused by the mining. (Docs. 22 & 37). After the court lifted the stay, the Plaintiffs moved to voluntarily dismiss all of the Defendants except for Oak Grove Resources, LLC, and to amend their Complaint to add as a Defendant Cliffs Natural Resources, Inc. (Docs. 39 & 40). The court granted Plaintiffs' Motions and allowed them to amend their Complaint, leaving only Oak Grove Resources, LLC, and Cliffs Natural Resources, Inc. as defendants in this suit. (Doc. 41). The Plaintiffs filed their Amended Complaint on September 1, 2015, and Defendant Cliffs Natural Resources filed the Motion to Dismiss that is the subject of this Opinion on October 13, 2015. (Docs. 42 & 45).

## II.    Facts

Each of the Plaintiffs own a home and real property located in Bessemer, Jefferson County, Alabama. (Amended Complaint, Doc. 42, ¶¶ 2-8). Plaintiffs allege that the Defendants' long wall mining activities[1] in the area around and underneath the Plaintiffs' homes caused damages to their properties. (*Id.*, ¶ ). Plaintiffs contend that both Cliffs and Oak Grove knew or should have known that the mining operations in question were going to cause great damage to

---

[1] Long wall mining is a form of underground coal mining where a long wall of coal is mined in a single slice.

Plaintiffs' homes. (*Id.*, ¶ 13). Plaintiffs bring claims for negligence and/or strict liability; wanton, intentional, and willful conduct; nuisance; trespass; and fraud, deceit, and suppression of material fact. Plaintiffs claim that they have incurred, and will continue to incur, damages to their homes and property, a decrease in the value of their property, expenses for repairing their homes and property, substantial annoyance and inconvenience, mental and emotional anguish and distress, and the loss of use and enjoyment of their home and property. (*Id.*, ¶¶ 20, 24, 27, 31, 35).

Plaintiffs repeatedly acknowledge that Oak Grove, *not Cliffs*, conducted the actual mining operations in question. (*See, e.g., Id.*, ¶ 15 ("Defendant Oak Grove Resources began long wall mining . . . ."), ¶ 16 ("Defendant Oak Grove Resources' long wall mining . . . ."), ¶ 19 ("Plaintiffs' damages and continuing damages are a direct and proximate result of the abnormally dangerous activity conducted by Defendant Oak Grove Resources . . . .")). Plaintiffs, however, allege that Cliffs *directed* Oak Grove to conduct the mining operations. (*Id.*, ¶ 12 ("Defendant Cliffs Natural Resources directed Defendant Oak Grove to obtain a mining permit, and to conduct operations . . . .), ¶ 20 ("Defendant Oak Grove Resources' mining operation, as directed by Defendant Cliffs Natural Resources . . . .")). Thus, the sole question addressed in this Opinion is whether Plaintiffs have stated a viable claim against Cliffs where Cliffs was not the mine operator, but merely directed another entity to conduct mining operations, which caused damage to the Plaintiffs' property.

## III.    Legal Standard

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule

8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662,

678 (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of

a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely

upon "labels or conclusions" or "naked assertions" without supporting factual allegations.

*Twombly*, 550 U.S. at 555, 557.

     The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the

complaint must demonstrate "more than a sheer possibility that a defendant has acted

unlawfully." *Id*.   "Where a complaint pleads facts that are merely consistent with a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Id*.  (quoting *Twombly*, 550 U.S. at 557).

     The Supreme Court has identified "two working principles" for the district court to use in

applying the facial plausibility standard.  The first principle is that, in evaluating motions to

dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the

court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.   The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.  Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.  That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." Id.  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

## IV.    Discussion

In their Amended Complaint, Plaintiffs assert five state law claims against both Defendants: Negligence/Strict Liability; Wanton, Intentional, and Willful Conduct; Nuisance; Trespass; and Fraud, Deceit, and Suppression of Material Fact. (Doc. 42).

Defendant Cliffs contends that all of the Plaintiffs' claims against it should be dismissed because the Alabama Surface Mining Control and Reclamation Act provides that the "sole and exclusive" remedy for subsidence damage caused by underground coal mining is to be *provided by the mining operator permittee*. Because Cliffs is not the mining operator permittee, it contends that Plaintiffs have failed to state a viable claim against it.  Plaintiffs, on the other hand, contend that they are not limited by the remedies in this Act.

To resolve this dispute, the court looks to the text of the statute itself. *See Hallstrom v.*

*Tillamook Cnty.*, 493 U.S. 20, 25 (1989) ("As we have repeatedly noted, 'the starting point for interpreting a statute is the language of the statute itself.'"). "As long as the statutory scheme is coherent and consistent," the court does not need "to inquire beyond the plain language of the statute." *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989). If the language of the statute is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (citations omitted).

The statute in question in this case is the Alabama Surface Mining Control and Reclamation Act of 1981 ("ASMCRA"), Alabama Code § 9-16-70 *et seq.* This Act sets out a series of requirements for coal mining operations in Alabama. It provides in part:

> (e) Underground coal mining operations conducted after July 1, 1998 shall comply with each of the following requirements:
>
> > (1) Promptly repair or compensate for material damage to any occupied residential dwelling and related structures or any noncommercial building caused by surface subsidence resulting from underground coal mining operations. Repair of damage shall include rehabilitation, restoration, or replacement of the damaged occupied residential dwelling and related structures or noncommercial building. Compensation shall be provided to the owner of the damaged occupied residential dwelling and related structures or noncommercial building which shall be in the full amount of the diminution in value resulting from subsidence caused damage. Compensation may be accomplished by the purchase, prior to mining, of a non-cancelable premium-prepaid insurance policy.

Ala. Code § 9-16-91(e)(1).

The Alabama Surface Mining Commission ("ASMC"), the agency responsible for implementing and enforcing the requirements of the Alabama Surface Mining Control and Reclamation Act, *(see* Ala. Code §§ 9-16-73, 9-16-74) has explained in its regulations that *the*

*permittee* is responsible for repairing or compensating homeowners for subsidence damage in accordance with Alabama Code § 9-16-91. *See* Ala. Admin. Code R. 880-X-10D-.58(3)(b) ("*The permittee* must promptly repair, or compensate the owner for, material damage resulting from subsidence caused to any non-commercial building or occupied residential dwelling . . . .") (emphasis added).

In June 1999, the Alabama legislature amended § 9-16-91 of the ASMCRA to "clarify and establish exclusive remedies available to surface owners for subsidence caused damages." Alabama Laws Act 99-593 (H.B. 674). The legislature added the following subsection to § 9-16-91:

> (f) Notwithstanding any other provision in this chapter to the contrary, *the remedies prescribed in this section* or any rule promulgated under authority of this chapter pertaining to repair or compensation for subsidence damage and replacement of water *shall be the sole and exclusive remedies available to the owner for such damage* and its effects. Neither punitive damages nor, except as specifically prescribed in this section or any rule promulgated under authority of this chapter pertaining to repair or compensation for subsidence damage and replacement of water, compensatory damages shall be awarded for subsidence damage caused by longwall mining or other mining process employing a planned subsidence method and conducted in substantial compliance with a permit issued under authority of this chapter . . . .

Ala. Code § 9-16-91(f) (emphasis added).

Accordingly, Cliffs contends that because it is not the permittee,  it cannot be held responsible for providing Plaintiffs with their exclusive remedy under the Alabama Surface Mining Control and Reclamation Act.

Plaintiffs do not allege at any point in their Amended Complaint that Cliffs is the

permittee who conducted the mining operations that caused damage to their properties. In their Response in Opposition to Cliffs' Motion to Dismiss, Plaintiffs agree that Oak Grove, *not Cliffs*, is the permittee. This admission notwithstanding, Plaintiffs argue that they have stated viable claims against Cliffs.

First, Plaintiffs argue that Alabama Code § 9-16-91 does not apply to the present case because this case involves damage caused by *underground* mining, while, in their opinion, this section of the Alabama Surface Mining Control and Reclamation Act applies only to *surface* mining. The Plaintiffs' interpretation is incorrect. Granted, the stated purpose of the Alabama Surface Mining Control and Reclamation Act of 1981 is "to provide . . . regulation and control of *surface coal mining operations*." Ala. Code § 9-16-71(i) (emphasis added). However, the Act defines "[s]urface coal mining operations" as:

> Activities conducted on the surface of lands in connection with a surface coal mine extracting coal from the earth by removing the strata or material which overlies or is above or between coal seams or otherwise retrieving it from the surface or surface operations *and surface impacts incident to an underground coal mine.*

Ala. Code § 9-16-72(20)(a) (emphasis added).

Additionally, the "sole and exclusive remedy" section of the Act is titled "Surface effects of underground coal mining; requirements, remedies" and specifically addresses "subsidence damage caused by longwall mining." Ala. Code § 9-16-91. The plain language of the Act demonstrates that this section applies to underground mining that causes surface damage. Therefore, the Plaintiffs' argument to the contrary lacks merit.

Plaintiffs next argue that § 9-16-91 conflicts with another section in the Act, § 9-16-95.

Section 9-16-95 is entitled "Citizens' actions; attorneys, etc., fees allowed as damages," and sets out the general rights an individual has to bring a civil action against a party who does not comply with the Act. Subsection 9-16-95(e) states:

> Nothing in this section shall restrict any right which any person . . . may have under any statute or common law to seek enforcement of any of the provisions of this article and the regulations thereunder, or to seek any other relief, including relief against the regulatory authority, as permitted by the constitution and laws of this state.

Subsection 9-16-95(f) further provides:

> Any person who is injured in his person or property through the violation by any operator of any rule, regulation, order, or permit issued pursuant to this article may bring an action for damages in the venue available under Alabama law. The court may award reasonable attorney and expert witness fees to the prevailing party. . . .

Plaintiffs contend that these provisions supercede § 9-16-91, which contains the exclusive remedy language, and allow Plaintiffs to pursue other remedies, specifically their claims against Cliffs.

Plaintiffs also suggest that, even if § 9-16-91 were to limit the remedies the Plaintiffs have against the permittee, Oak Grove, they do not limit their remedies against Cliffs, a non-permittee third party, because the regulations are silent as to the relationship between Plaintiffs and non-permittee third parties.

The court finds that each of these arguments lack merit. Subsection 9-16-95(e) contains a limiting clause, stating that Plaintiffs may seek other relief "as permitted by the constitution and laws of this state." The "laws of this state" include the exclusive remedy limitation set out in § 9-16-91(f).

As indicated by the title to the section, § 9-16-91 governs the remedies a party may pursue for the "[s]urface effects of underground coal mining." Section 9-16-91(f) mandates that "the remedies prescribed in this section . . . *shall* be the sole and exclusive remedies available to the owner for such damage and its effects." (emphasis added). "Such damage" in this section refers to surface damage caused by underground mining.

The only damages Plaintiffs allege that they have suffered are related to the surface effects of Oak Grove's underground coal mining. Plaintiffs allege:

> As a direct and proximate result of Defendant Oak Grove Resources' mining operation, as directed by Defendant Cliffs Natural Resources, Plaintiffs have incurred, and will incur in the future: damages to their homes and real property; a decrease in the value of their property; expenses for repairing their homes and property; substantial annoyance and inconvenience; mental and emotional anguish and distress; and the loss of use and enjoyment of their homes and property.

(Amended Complaint, Doc. 42, ¶ 20).

These damages are precisely the type of damages for which § 9-16-91 provides the sole and exclusive remedies. The phrase "such damage *and its effects*" used in § 9-16-91 encompasses not only the physical damage caused to Plaintiffs' homes and properties by Oak Grove's underground mining, but also the subsequent effects of those damages, such as Plaintiffs' claimed diminution in values, annoyance, inconvenience, emotional anguish, and distress. Because Plaintiffs' damages fall within the scope of § 9-16-91, Plaintiffs are limited to the exclusive remedy specified therein. Further, because the regulations promulgated by the ASMC provide that the *permittee* must provide the sole and exclusive remedy, and Cliffs is not the permittee, Cliffs cannot be held liable under § 9-16-91.

10

The phrase "notwithstanding any other provision in this chapter to the contrary" in § 9-16-91(f) provides further support to the court's conclusion that § 9-16-95 does not override § 9-16-91 to allow for any additional remedies. This phrase clarifies that contrary provisions found in § 9-16-95, or anywhere else in the Act, cannot override the exclusive remedy limitation in § 9-16-91(f).

Section 9-16-95 retains meaning because § 9-16-91 applies to only the limited and specific circumstance of subsidence damage that is caused by underground mining. If Plaintiffs had alleged that Defendants had failed to comply with the ASMCRA in some other way, then they could pursue the alternative remedies described under § 9-16-95. However, because Plaintiffs' claims all relate to the surface damage caused by Oak Grove's underground coal mining, they cannot pursue any other remedy in this case, and cannot recover from anyone other than the permittee, as set out in Alabama Code § 9-16-91 and Alabama Administrative Code Regulation 880-X-10D-.58(3)(b) .

Nonetheless, the exclusive remedy limitation does not apply to Count II of Plaintiff's Complaint for "Wanton, Intentional, and Willful Conduct by Defendants." (Doc. 42). Subsection 9-16-91(f) explicitly states that "the provisions of this subsection *do not apply* to any actions brought for, and in which the trier of fact finds, *intentional, willful, or wanton conduct . . . .*" (emphasis added). Plaintiffs allege that Cliffs knew or should have known that Oak Grove's mining operations would cause great damage to the Plaintiffs' homes. Plaintiffs contend that Cliffs acted willfully, intentionally, and wantonly in nevertheless directing Oak Grove to engage in mining operations. Because Plaintiffs allege wanton, intentional, and willful conduct in Count II of their Amended Complaint, they are not limited to the remedies set out in § 9-16-91 with

11

regards to this Count.

## V.      Conclusion

Accordingly, because, except for Plaintiffs' claim for wanton, intentional, and willful conduct, the exclusive remedy for all of Plaintiffs' claims can only be provided by the permittee, the court will GRANT IN PART and DENY IN PART Cliffs' Motion to Dismiss. The court will DISMISS all claims against Defendant Cliffs Natural Resources, Inc. EXCEPT for Count II of Plaintiff's Amended Complaint, which alleges that Cliffs acted with wanton, intentional, and willful conduct.

DONE and ORDERED this 16th day of March, 2016.

_Karon O. Bowdre_

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE